Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1203 | **DATE** | 3/4/13 |
| **CASE TITLE** | Dominique Bolden (#145933) v. Kane County Adult Justice Center | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3] and waives the initial partial filing fee. The Court authorizes trust fund account officials at Plaintiff's place of confinement to make deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Kane County Jail. Plaintiff's complaint is dismissed. His motion for the appointment of counsel [4] is denied. The dismissal shall count as one of Plaintiff's three allotted dismissals pursuant to 28 U.S.C. § 1915(g). This case is closed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Dominique Bolden, is currently confined at the Kane County Adult Justice Center. Naming the center as Defendant, Plaintiff asserts that, during his two periods of disciplinary segregation in 2012, his mattress was taken away at 7 a.m. and was not returned until 9 p.m. The first disciplinary segregation lasted two weeks; the second one lasted three and one-half weeks. Plaintiff contends that having only a metal bedframe during the day caused him joint pain and amounted to a constitutional violation.

Plaintiff's application to proceed *in forma pauperis* indicates that he cannot prepay the $350 filing fee or the initial partial filing fee. The Court grants his motion to proceed IFP and waives the initial partial payment of the filing fee. See 28 U.S.C. § 1915(b)(4). Officials at Plaintiff's place of confinement are authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Kane County Jail authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis* and must pay the filing fee for having brought this action, his complaint does not state a claim upon which this Court can grant relief. In order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (the standard for determining punishment is similar to whether a condition is considered unconstitutional under the Eighth Amendment for prisoners). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

| **STATEMENT** |
|---|

  Going without a mattress during the day, particularly for a two-three week period of time, does not approach the level of an unconstitutional condition of confinement. *Taylor v. Waterloo*, No. 07 C 6444, 2009 WL 2589509, *8 -9 (N.D. Ill. Aug. 18, 2009) (Norgle, J.) Although unpleasant to Plaintiff, such a deprivation, particularly for two-three week periods, does not give rise to a constitutional violation. *Id.* (not having a mattress during the day was not considered unconstitutional); *see also Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir .1988) (being subjected to even extremely adverse conditions for a short period of time does not amount to a constitutional violation, and allegations of being kept in a filthy, roach-infested cell for 28 days presented no unconstitutional condition of confinement). Unsanitary conditions, including unclean beds, under certain circumstances, may be considered unconstitutional, *see Townsend v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008), citing *McCord v. Maggio*, 927 F.2d 844, 846-47 (5th Cir. 1991) (finding Eighth Amendment violation where inmates "were provided mattresses at night which were placed on the sometimes flooded floors of the cells ... [where they] 'either had to stand up all night or sleep on a wet mattress on the floor' "). However, simply being provided a mattress only during nighttime hours for a period of two to three weeks does not state an unconstitutional condition of confinement to support a federal civil rights action in this Court.

  Accordingly, the complaint is dismissed. Because the Plaintiff fails to state a claim upon which this Court can grant relief, the dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, if he accumulates three strikes under §1915(g), he will not be able to pursue an action in federal court without prepaying the filing fee, unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).

  If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed in forma pauperis on appeal, he must also submit an IFP application. A motion for leave to appeal IFP should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another strike under § 1915(g).